UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

THOMAS BILLARD                                               CIVIL ACTION

VERSUS                                                       NO. 12-2320

HOWARD PRINCE, WARDEN                                        SECTION "S"(2)

**O R D E R**

The court, having considered the complaint, the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge, and the petitioner's objections to the Magistrate Judge's Report and Recommendation (Doc. #21), hereby overrules the petitioner's objections and approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its opinion in this matter.

On November 7, 2001, petitioner was convicted by a jury of two counts of armed robbery in violation of Louisiana Revised Statutes § 14:64. On December 10, 2001, petitioner was sentenced to serve fifty years at hard labor in the custody of the Department of Corrections of the State of Louisiana, without the benefit of probation, parole, or suspension of sentence on each count, to run concurrently. That same day, the State of Louisiana filed a multiple bill against petitioner alleging him to be a second felony offender, having been previously convicted of armed robbery.

On January 28, 2002, petitioner pleaded guilty to the multiple bill. The court vacated petitioner's sentence on the first count of armed robbery and imposed a sentence of fifty years at hard labor in the custody of the Department of Corrections of the State of Louisiana, without the benefit of probation, suspension of sentence or good time credit. The court

indicated that petitioner would be eligible for parole consideration pursuant to the multiple offender statute, La. Rev. Stat. § 15:529.1,[1] on this sentence. The sentence was to run concurrently with the sentence of fifty years at hard labor in the custody of the Department of Corrections of the State of Louisiana, without the benefit of probation, parole, or suspension of sentence, that was previously imposed as to the second count of armed robbery.

In 2006, petitioner inquired into his parole eligibility, and discovered that he was ineligible for parole. Petitioner contends that he should be eligible for parole under the multiple offender statute, La. Rev. Stat. § 15:529.1, or the "old timer" provision found in La. Rev. Stat. 15:574(A)(2).[2]

As explained by the United States Magistrate Judge, although the state court judge stated at the multiple bill sentencing that petitioner would be eligible for parole consideration on the multiple bill sentence, that sentence was imposed to run concurrently with petitioner's sentence on the second count of armed robbery, which was imposed without the benefit of

---

[1] Section 15:529.1(G) provides that "[a]ny sentence imposed under the provisions of this Section shall be at hard labor without benefit of probation or suspension of sentence," but the statute does not prohibit parole eligibility. LA. REV. STAT. § 15:529.1.

[2] Section 15:574.4(A)(2) provides that "a person committed to the Department of Public Safety and Corrections for a term or terms of imprisonment with or without benefit of parole for thirty years or more shall be eligible for parole consideration upon serving at least twenty years of the term or terms of imprisonment in actual custody and upon reaching the age of forty-five." LA. REV. STAT. § 15:574.4. The current version of this statute states that the "old timer" provisions "shall not apply to any person who has been convicted [of armed robbery] under the provisions of R.S. 14:64." Id. The version of the statute in effect at the time of petitioner's sentencing did specifically state that limitation. However, § 15:574.4(B) provided that "[n]o person shall be eligible for parole consideration who has been convicted of armed robbery and denied parole eligibility under the provisions of R.S. 14:64." Id.

parole.  Further, as explained by the Louisiana Court of Appal, First Circuit in Billard's appeal of the Louisiana Department of Public Safety and Correction's opinion that he was not eligible for parole consideration, the specific provision of La. Rev. Stat. § 15:574.4(B), which denies parole eligibility to people convicted of armed robbery controls over the more general provisions La. Rev. Stat. § 15:574.4(A)(2).  Therefore, Billard is not eligible for parole consideration for the reasons explained in the United States Magistrate Judge's Report and Recommendation, and the opinion of the Louisiana Court of Appeal, First Circuit in Billard v. Kling, 2011 WL 497175 (La. Ct. App. 2011).

**IT IS ORDERED** that the petition of Thomas Billard for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE**.


New Orleans, Louisiana, this ___15th___ day of _____July_____, 2013.


_____
UNITED STATES DISTRICT JUDGE